**GUARANTEE INSURANCE AGENCY COMPANY, an Illinois Corporation, Plaintiff,**

v.

**MID–CONTINENTAL REALTY CORPORATION, a Delaware Corporation, et al., Defendants.**

**No. 71 C 1927.**

United States District Court, N. D. Illinois, E. D.

June 18, 1976.

Edward Slovick, George S. Feiwell, Chicago, Ill., for plaintiff.

Stephen C. Shamberg, Friedman & Koven, William J. Harte, Harold C. Hirshman, James M. Goff, Sonnenschein, Carlin, Nath & Rosenthal, Bruce L. Bower, Terry S. Grimm, Winston & Strawn, Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

ROBSON, Senior District Judge.

This cause is before the court pursuant to the motion to vacate judgment filed by plaintiff Guarantee Insurance Agency Company pursuant to Rule 60 of the Federal Rules of Civil Procedure. For the reasons hereinafter stated, this motion shall be denied.

On May 18, 1976, this court granted summary judgment in favor of certain defendants, to-wit: Mid-Continental Realty Corporation, Harry D. Sher, Alvin Behnke, William J. Friedman, Leone J. Peters, Paul Reynolds, Boyd J. Simmons, John J. Mack, Raymond Sher, James C. Downs, Jr. and Albert C. Svoboda. Briefly stated, the rationale for this court's decision was that since the Assessor of Cook County does not have unlimited discretion to change assessments, no special risk of an increased tax assessment existed in the instant case; thus, the general risk that the assessment for the property involved here would be increased need not be disclosed in a prospectus in order to comply with the securities laws.

In arriving at this decision this court examined *Mid-Continental Realty Corporation v. Bernard Korzen, Cook County Collector, et al.,* Cause No. 72 CH 1949, in which the Circuit Court of Cook County interpreted Ill.Rev.Stat. ch. 120, § 578, as failing to authorize the Assessor to institute proceedings on his own initiative to alter an assessment unless the property involved was omitted from assessment for the current year or prior years and as failing to authorize a change in an assessment unless there was a rational basis therefor.

As noted in this court's opinion, the circuit court's decision in *Mid-Continental Realty Corporation* was appealed to the Illinois Appellate Court, which court to this

court's knowledge had not rendered its decision. However, unknown to this court at the time it issued its opinion in the instant case, the Illinois Appellate Court had issued a decision on May 4, 1976, reversing the lower court's decision. Thus, the plaintiff has moved to vacate this court's May 18 decision in light of the Illinois Appellate Court's action.

The Illinois Appellate Court's decision in no way dissuades this court from the position espoused in the May 18 opinion. This court's reading of the appellate court's decision leads to the conclusion that the Illinois Appellate Court merely decided that the circuit court lacked jurisdiction since equitable jurisdiction did not exist to review the 1971 assessment increases under consideration. The appellate court found that the Assessor has authority to alter assessments on his own initiative when he deems it is just, as long as the taxpayer has proper notice and an opportunity to be heard. Slip Opinion at 6.

The appellate court held that the circuit court erred when it found that the increased assessments were unauthorized since there was no rational basis for the increase. The appellate court felt that the reasons for making the increases are indicia of the reasonableness of the Assessor's judgment—and not dispositive of the issue of whether or not he had the power to act. If the Assessor made a judgmental error, "this would not make his decision unauthorized by law, but merely a mistake or improper exercise of his authority." Slip Opinion at 6–7. For the purposes of this court's decision the only concern is whether the Assessor can simultaneously act both properly and arbitrarily. Clearly, the Illinois Appellate Court stated that the proper exercise of the Assessor's authority demands that he have a rational basis for his actions.

To the extent that this court's May 18 decision relied on the circuit court's reasoning in the case involving the 1971 assessments, this court hereby modifies its opinion. However, the circuit court's rationale is dispensable. There is ample authority in

this court's prior opinion to support its decision—and indeed the Illinois Appellate Court's opinion substantiates the determination that the Assessor can only revise an assessment where he deems a change is just and the Assessor's revision must be reasonable if he is to properly exercise his authority.

For the reasons stated, it is hereby ordered that the motion to vacate judgment filed by plaintiff Guarantee Insurance Agency Company shall be, and it hereby is, denied.